# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| YUSUF BINYAMIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No.: 1:14-cv-00425-LSC-JHE |
| | ) |
| CARTER DAVENPORT | ) |
| and THE ATTORNEY GENERAL | ) |
| OF THE STATE OF ALABAMA, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

On October 8, 2015, the magistrate judge entered a Report and Recommendation, (doc. 15), recommending that the petition for writ of habeas corpus be dismissed with prejudice. On November 25, 2015, the Court received Petitioner Yusuf Binyamin's objections. (Doc. 19).

Binyamin objects to three of the magistrate judge's findings. Specifically, Binyamin objects to the magistrate judge's findings that the Alabama Court of Criminal Appeals's determinations were not "contrary to" or an "unreasonable application" of *Strickland v. Washington*, 466 U.S. 668 (1984), when it held (1) that the State met its burden of proof regarding the weight of the marijuana, (2) that Binyamin failed to meet the second prong of *Strickland* because he did not demonstrate how a pre-trial interview of the state witnesses would have changed the outcome of the case, and (3) that it is neither reasonable nor practical to expect newly appointed appellate counsel to raise claims of ineffective assistance of trial counsel without the benefit of a trial transcript. (Doc. 19 at 1-2) (citing doc. 15 at 13-15).

First, Binyamin notes the state courts relied on an affidavit submitted after the Rule 32 hearing by the trial court reporter stating the chemist at trial had been sworn in before his

testimony and contends the Alabama Court of Criminal Appeals then "unreasonably concluded" trial counsel was not ineffective for failing to object. (Doc. 19 at 3-4). Binyamin does not explain why this conclusion is unreasonable. (*See id.*). If the chemist was, in fact, sworn in during trial, no reasonable attorney would have made an objection on the ground the witness was not sworn in on the off chance the court reporter accidentally failed to include the parenthetical language stating he had.

Binyamin also states there was no indication the defense had an opportunity to challenge or examine the affidavit, citing as "well settled law" a Connecticut District Court case addressing the failure to timely file evidence under Rule 56 of the Federal Rules of Civil Procedure. (*Id.* at 4) (quoting *Nestle Co. v. Chester's Mkt., Inc.*, 571 F. Supp. 763, 773 (D. Conn. 1983)). The *Nestle* court, however, acknowledged it was within its discretion to accept the affidavit under the Federal Rules, *see* 571 F. Supp at 772 (citing what is now Fed. R. Civ. P. 6(c)(2)), but had to address whether, under the circumstances, it should accept, without any explanation, a party's affidavit on summary judgment a month late, *id.* at 773. The *Nestle* case does not control an Alabama state court's determination of whether to accept an affidavit the court itself requested from an officer of the court in a Rule 32 proceeding. Binyamin fails to show the state court's determination was contrary to or an unreasonable application of Federal law. The first objection is **OVERRULED**.

Second, Binyamin contends the state court did not properly apply the law because it is "a matter of well settled law" that "at a minimum counsel has the duty to inerview [sic] potential witnesses, and to make an independent investigation of the facts and circumstances of the case . . . . Investigation consisting solely of reviewing prosecution's file fell short of what a reasonably competent would have done." (Doc. 19 at 5) (citing *State v. Gissendanner*, No. CR-

09-0998, 2014 WL 7236991 (Ala. Ct. Crim. App. Dec. 19, 2014)).  However, not only is *Gissendanner* a state case and, therefore, does not constitute "clearly established Federal law" for purposes of the habeas statutes, *see Williams v. Taylor*, 529 U.S. 362, 412 (2000), but the *Gissendanner* opinion quoted was also withdrawn and superseded on rehearing by *State v. Gissendanner*, No. CR-09-0998, 2015 WL 6443194 (Ala. Ct. Crim. App. Oct. 23, 2015), which explicitly repudiated a *per se* rule on the type and amount of investigation required for effective assistance of counsel except in extreme cases, such as abandonment, *see id.* at *8-10 and 12.  More importantly, *Strickland* itself requires that the defendant "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  466 U.S. at 694.  Binyamin has not shown the Alabama courts' holdings were contrary to or unreasonable applications of the law.  The second objection is **OVERRULED**.

     Lastly, Binyamin contends that, because appellate counsel may not have had access to the trial transcript and briefed issues he knew had not been preserved for review, his brief was an *Anders* "no merit" brief and should have proceeded under the procedure set out in *Anders v. California*, 386 U.S. 738 (1967).  However, Binyamin's appellate counsel's brief clearly was not an *Anders* brief because appellate counsel apparently believed there were issues with substantive merit, even if they might have been procedurally barred.  Moreover, the *Anders* procedure would not provide more protection than this "Hail Mary" attempt at raising unpreserved but potentially meritorious issues, so Binyamin has not shown he was prejudiced by the appellate counsel's conduct.  Nor, as the Alabama Court of Criminal Appeals stated, can appellate counsel be faulted for not raising claims of ineffective assistance of trial counsel apparent in a record not yet available to him; under state law, those claims would need to be brought in a Rule 32 petition.  *See V.R. v. State*, 852 So. 2d 194, 203 (Ala. Ct. Crim. App. 2002).  As a result, Binyamin has not

shown the Alabama courts' holdings were contrary to or unreasonable applications of Federal law. The third objection is **OVERRULED**.

The court has considered the entire file in this action, together with the report and recommendation, and has reached an independent conclusion that the report and recommendation is due to be **ADOPTED** and **ACCEPTED**. Accordingly, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of this court. The petition for writ of habeas corpus is due to be **DISMISSED**. A separate Order will be entered.

This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This Court finds Petitioner's claims do not satisfy either standard.

**DONE** AND **ORDERED** ON DECEMBER 1, 2015.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704